UNITED STATES DISTRICTCOURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TORONTO ASIA TELE ACCESS TELECOM INC., now known as TATA TELECOM INC., a company organized under the laws of Canada, and MANMOHAN SINGH THAMBER, a natural person residing in Canada,<br><br>    Plaintiffs,<br><br>    vs.<br><br>TATA SONS LIMITED, a company organized under the laws of India,<br><br>    Defendants. | No.<br><br>COMPLAINT<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Toronto Asia Tele Access Telecom Inc., now known as TATA Telecom Inc. ("TATA Telecom"), and Manmohan Singh Thamber ("Mr. Singh"), by and through the undersigned attorneys, allege for their Complaint against Tata Sons Limited ("Tata Sons") as follows:

**PARTIES**

1. Plaintiff TATA Telecom is a company organized under the laws of Canada. TATA Telecom's principal place of business is in Toronto, Canada.

2. Plaintiff Singh is a natural person residing in Toronto, Canada. Mr. Singh is chief executive officer and founder of TATA Telecom.

COMPLAINT -- 1

No.
m41121-1272208.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

3. Tata Sons is a company organized under the laws of India. Tata Sons' principal place of business is in Mumbai, India.

## JURISDICTION/VENUE

4. This Court has subject matter jurisdiction under 15 U.S.C. § 1114(2)(D)(v); 28 U.S.C. § 1338(a); 28 U.S.C. § 2201(a); and 28 U.S.C. § 1331.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) and (d). Tata Sons regularly conducts business in this District, has substantial contacts with and/or may be found in this District, and agreed to submit to the jurisdiction of this Court.

## FACTS

6. Mr. Singh founded TATA Telecom in 2002. TATA Telecom provides telecommunication services, including wholesale and retail long distance services, international toll free numbers, prepaid calling cards, callshop solutions, phone portal services, and CallbySMS services.

7. On May 2, 2003, Mr. Singh, on behalf of TATA Telecom, registered the domain name *TATA-Telecom.com* through eNom, Inc. ("eNom"), a domain name registrar accredited by the Internet Corporation for Assigned Names and Numbers ("ICANN"). Mr. Singh, on behalf of TATA Telecom, has continuously maintained their registration through the present.

8. On May 8, 2006, TATA Telecom was incorporated as "Toronto Asia Tele Access Telecom Inc." in Canada.

9. On April 15, 2008, TATA Telecom registered "TATA Telecom Inc." as a trade name in Canada.

10. TATA Telecom and Mr. Singh use their *TATA-Telecom.com* domain name in connection with TATA Telecom's Web site, *www.TATA-Telecom.com*. TATA Telecom's Web site provides information about the telecommunications services that TATA Telecom provides.

COMPLAINT -- 2

No.
m41121-1272208.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

11. When TATA Telecom and Mr. Singh registered the *TATA-Telecom.com* domain name with eNom, they consented to have disputes relating to their domain name be decided according to the Uniform Dispute Resolution Policy ("UDRP").

12. On May 21, 2009, Tata Sons filed a UDRP complaint against TATA Telecom and Mr. Sing with the World Intellectual Property Organization ("WIPO"), an approved arbitration service provider under the UDRP.

13. On September 1, 2009, the WIPO arbitration panel decided in favor of Tata Sons and ordered that *TATA-Telecom.com* be transferred to Tata Sons.

14. On September 15, 2009, WIPO transmitted notice of its decision to eNom. At the same time, WIPO also notified TATA Telecom, Mr. Singh, Tata Sons, and eNom that:

> Pursuant to Paragraph 4(k) of the Uniform Domain Name Dispute Resolution Policy, the Registrar identified below [eNom] shall proceed to implement the above decision on the tenth business day (as observed in the location of that Registrar's principal office) after receiving this notification. The concerned Registrar will not implement the decision if, before the 10-day waiting period has expired, the Respondent submits official documentation (such as a copy of a complaint, file-stamped by the clerk of the court) to the Registrar demonstrating that it has commenced a legal proceeding against the Complainant in a jurisdiction to which the Complainant has submitted under Paragraph 3(b)(xiii) of the Rules for Uniform Domain Name Dispute Resolution Policy….

15. Pursuant to 15 U.S.C. § 1114(2)(D)(v):

> A domain name registrant whose domain name has been suspended, disabled, or transferred [as a result of an administrative proceeding regarding the domain name] may, upon notice to the mark owner, file a civil action to establish that the registration or use of the domain name by such registration is not unlawful under this Act. The court may grant injunctive relief to the domain name registrant, including the reactivation of the domain name or transfer of the domain name to the domain name registrant.

16. TATA Telecom and Mr. Singh have commenced this action to establish that their registration and/or use of *TATA-Telecom.com* is not unlawful under the Lanham Act, and that TATA Telecom and Mr. Singh are not required to transfer *TATA-Telecom.com* to Tata Sons.

17. In particular, TATA Telecom was the first to register and use its *TATA-Telecom.com* domain name, and was the first to adopt and use TATA TELECOM as a trademark

COMPLAINT -- 3

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

No.
m41121-1272208.doc

in connection with telecommunications services in the United States, Canada, Australia, New Zealand, and the European Union.

18. Tata Sons did not begin offering telecommunications services until after TATA Telecom first registered and used *TATA-Telecom.com*, and after TATA Telecom adopted and began to use TATA TELECOM as a trademark in connection with telecommunications services.

19. On information and belief, Tata Sons has not yet acquired any trademark rights in the United States in connection with telecommunications services. If and when Tata Sons does so, such rights will be junior to TATA Telecom's senior rights in TATA TELECOM as a trademark in connection with telecommunications services.

## CAUSE OF ACTION

**Declaratory Judgment that Plaintiffs' Registration of *TATA-Telecom.com*
Is Not Unlawful Under the Lanham Act**

20. Plaintiff re-states the allegations set forth above.

21. The facts stated herein state a "case of actual controversy" as that phrase is used in 28 U.S.C. § 2201(a).

22. Among other things, TATA Telecom, Mr. Singh, and Tata Sons dispute whether TATA Telecom and Mr. Singh should be required to transfer *TATA-Telecom.com* to Tata Sons under the Lanham Act, 15 U.S.C. § 1151, *et seq*.

23. TATA Telecom and Mr. Singh did not have a bad faith intent to profit from any trademark in which Tata Sons have rights, as provided in 15 U.S.C. § 1125(d)(1)(A)(i).

24. TATA Telecom and Mr. Singh did not register, traffic in, or use a domain name that is identical or confusingly similar to, or dilutive of, any trademark owned by Tata Sons that was distinctive or famous at the time TATA Telecom and Mr. Singh registered *TATA-Telecom.com*, as provided in 15 U.S.C. § 1125(d)(1)(A)(ii).

COMPLAINT -- 4

No.
m41121-1272208.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

25. TATA Telecom and Mr. Singh had reasonable grounds to believe that their registration and use of *TATA-Telecom.com* was fair use or otherwise lawful, as provided in 15 U.S.C. § 1125(d)(1)(B)(ii).

26. For these reasons, TATA Telecom's and Mr. Singh's registration of *TATA-Telecom.com* does not violate the Lanham Act. Consequently, TATA Telecom and Mr. Singh should not be required to transfer *TATA-Telecom.com* to Tata Sons.

27. TATA Telecom and Mr. Singh have given notice to Tata Sons of their intent to file this action to establish that their registration and use of *TATA-Telecom.com* was and is not unlawful.

**RELIEF REQUESTED**

WHEREFORE, TATA Telecom and Mr. Singh pray for relief as follows:

1. For a declaration that:

    a. TATA Telecom and Mr. Singh did not have a bad faith intent to profit from any trademark in which Tata Sons has rights;

    b. TATA Telecom and Mr. Singh did not register, traffic in, or use a domain name that is identical or confusingly similar to, or dilutive of, any trademark owned by Tata Sons that was distinctive or famous at the time TATA Telecom and Mr. Singh registered *TATA-Telecom.com*;

    c. TATA Telecom and Mr. Singh had reasonable grounds to believe that their registration and use of *TATA-Telecom.com* was fair use or otherwise lawful;

    d. TATA Telecom's and Mr. Singh's registration of *TATA-Telecom.com* does not violate the Lanham Act; and

    e. TATA Telecom and Mr. Singh are not be required to transfer *TATA-Telecom.com* to Tata Sons;

2. For an order prohibiting Tata Sons from taking any further action with respect to the transfer of the *TATA-Telecom.com* domain name;

COMPLAINT -- 5

No.
m41121-1272208.doc

3.    For an award of attorney's fees and costs; and

4.    For such other and further relief that the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

TATA Telecom and Mr. Singh respectfully request a trial by jury of all issues triable by a jury.

DATED this 24th day of September, 2009.

                GRAHAM & DUNN PC


                By /s/ Michael G. Atkins
                    Michael G. Atkins
                    WSBA# 26026
                    Email: matkins@grahamdunn.com
                    Attorneys for Plaintiffs

COMPLAINT -- 6

No.
m41121-1272208.doc

GRAHAM & DUNN PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599