The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| TORONTO ASIA TELE ACCESS TELECOM INC., now known as TATA TELECOM INC., a company organized under the laws of Canada, and MANMOHAN SINGH THAMBER, a natural person residing in Canada,<br><br>    Plaintiffs,<br><br>vs.<br><br>TATA SONS LTD., a company organized under the laws of India,<br><br>    Defendant. | Civil Action No. C09-1356RSM<br><br>PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND WITHDRAW ADMISSIONS<br><br>Note on Motion Calendar: January 21, 2011 |

Plaintiff, Toronto Asia Tele Access Telecom Inc., now known as TATA Telecom, Inc. (hereinafter "Plaintiff" or "TATA Telecom"), for good cause shown herein moves this Court for leave to amend and withdraw certain admissions made in response to Tata Sons Limited's First Requests for Admission.

**BACKGROUND**

On March 31, 2010, Defendant, Tata Sons Limited (hereinafter "Defendant" or "Tata Sons") served its First Requests for Admission ("RFA") on Plaintiff, a true copy of which is

PLAINTIFF'S MOTION FOR LEAVE TO AMEND
AND WITHDRAW ADMISSIONS -- 1

HELEIN & MARASHLIAN, LLC
1420 Spring Hill Road, Suite 205
McLean, Virginia 22102
telephone (703)714-1300
facsimile (703) 714-1330

No. C09 1356 RSM

attached as **Exhibit B**. On April 28, 2010, Plaintiff served Defendant with Responses ("Responses") to the RFA, a true copy of which is attached as **Exhibit C**.

When the Responses were filed, Plaintiff was represented by Michael Atkins of Graham & Dunn, PC. On September 17, 2010, Mr. Atkins moved to withdraw as Plaintiff's counsel. This Court granted his motion on November 2, 2010. The undersigned counsel was then substituted as Plaintiff's counsel.[1]

Plaintiff's corporate headquarters are in Toronto, Ontario, Canada. But its operations, staff and management are located in Europe - the UK, Italy and Switzerland. Following its entry into the case, undersigned counsel reviewed Plaintiff's Responses, and soon thereafter learned of the errors and inaccuracies contained therein. To understand the problems, undersigned counsel communicated by phone and email with Plaintiff's management. But, because of the time differentials, significant language difficulties, and the heavy demands on management's time and resources, those communications did not provide as complete and as detailed a marshaling and understanding of the facts as was needed. It was not until November 30, 2010, in Seattle, just prior to the mediation session on December 1, 2010, that undersigned counsel was able to meet with Plaintiff's management. In these in-person meetings, undersigned counsel and Plaintiff's key personnel were able to fully discuss the facts on the background of the company, its personnel and operations, and related facts of the case. It was at this time that counsel and Plaintiff fully recognized and understood the inaccuracies contained in the Responses, namely, some admissions were factually erroneous and others were based on speculation, or on an

---

[1] *See* Orders dated September 16, 2010.

PLAINTIFF'S MOTION FOR LEAVE TO AMEND
AND WITHDRAW ADMISSIONS -- 2

HELEIN & MARASHLIAN, LLC
1420 Spring Hill Road, Suite 205
McLean, Virginia 22102
telephone (703)714-1300
facsimile (703) 714-1330

No. C09 1356 RSM

incorrect understanding of certain terms and legal theories and the misrepresentations of a former employee.

In order to ensure Plaintiff's rights to a fair and impartial trial, the errors and inaccuracies of the Responses must be disclosed and corrected. This Motion seeks leave to correct those errors and inaccuracies by withdrawing, expanding and/or clarifying the Responses with the Proposed Amended Responses in **Exhibit A**.[2]

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 36(b) provides:

> [T]he court may permit withdrawal or amendment [of responses to admissions] when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

In interpreting these requirements, the Ninth Circuit has found, "two requirements must be met before an admission may be withdrawn: (1) presentation of the merits of the action must be subserved, and (2) the party who obtained the admission must not be prejudiced by the withdrawal." *Sonoda v. Cabrera*, 255 F.3d 1035, 1039 (9th Cir. 2001); *See also Orange Show Lincoln Mercury v. City of San Bernardino*, 978 F.2d 1265 (9th Cir. 1992). "The party who obtained the admission has the burden of proving that allowing withdrawal of the admission would prejudice its case." *Sodona*, 255 F.3d at 1039 (citing *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir.1995)).

---

[2] *See* Shassheill Kumar's Verification of Response attached as **Exhibit D,** further supporting the above facts and arguments made herein.

PLAINTIFF'S MOTION FOR LEAVE TO AMEND
AND WITHDRAW ADMISSIONS -- 3

HELEIN & MARASHLIAN, LLC
1420 Spring Hill Road, Suite 205
McLean, Virginia 22102
telephone (703)714-1300
facsimile (703) 714-1330

No. C09 1356 RSM

The Ninth Circuit has also held that, "[t]he prejudice contemplated by 36(b) is not simply that the party who obtained the admission will now have to convince the fact finder of the truth; rather, it relates to the difficulty a party may face in proving its case, for example by the unavailability of key witnesses in light of the delay." *Sonoda*, 255 F.3d. at 1039.

In evaluating prejudice, courts look to the procedural posture of the case. And, "[c]ourts are more likely to find prejudice when the motion for withdrawal is made in the middle of trial…Once trial begins, a more restrictive standard is to be applied in permitting a party to withdraw an admission, especially when the other party has 'relied heavily' on the admission." *Hadley*, 45 F.3d at 1348-49 (internal citations omitted).

**ARGUMENT**

As shown in more detail below, TATA Telecom meets Rule 36(b)'s requirements for the withdrawal and amendment of certain Responses it provided. First, certain admissions were simply wrong, some were improperly based on speculation, others were based on incorrect legal terms of art, and some contained transcription errors. These errors were unintentional and resulted from Plaintiff's unfamiliarity with the discovery process in the U.S. and the imperfect conditions for clear and understandable communications between Plaintiff and its former counsel. Therefore, amending the Responses is necessary to assist this Court in resolving the merits of the case and to avoid Defendant's reliance on erroneous facts and information. The Court's policy aims to allow evidence that assists the fact-finder in resolving the case. *See* Fed. R. Evid. 402; *Tome v. United States*, 513 U.S. 150, 174, (1995) (concurring opinion). Precluding Plaintiff from revising its Responses to the RFA would prevent the Court and Defendant from having access to all available facts in contradiction of this Court's policy.

PLAINTIFF'S MOTION FOR LEAVE TO AMEND  HELEIN & MARASHLIAN, LLC
AND WITHDRAW ADMISSIONS -- 4                                1420 Spring Hill Road, Suite 205
                                                            McLean, Virginia 22102
                                                            telephone (703)714-1300
                                                            facsimile (703) 714-1330

No. C09 1356 RSM

Furthermore, denying the proper amendments and withdrawal of admissions would unduly prejudice Plaintiff, unfairly forcing it to litigate facts that simply are untrue, inaccurate or muddled.  Such a result would contradict the purpose of the Federal Rules of Civil Procedure generally, and in particular, Rule 26(e).  Under these rules, parties are required to supplement erroneous discovery responses as soon as new information becomes available. Fed. R. Civ. Proc. 26(e).  This requirement is also intended to protect the opposing party from being prejudiced by relying on erroneous information.  Due process requires not only that the offering party be protected from prejudice resulting from erroneous information, but the ends of justice do not tolerate a determination based on erroneous information, the existence of which was due to innocent error and/or miscommunications.  Grant of this Motion will rid the record of erroneous information and factual inaccuracies and serve the due process rights of both parties.[3]  For these reasons, and those specifically identified below, Plaintiff respectfully requests that this Court grant it leave to amend or withdraw the admissions identified in **Exhibit A**.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant it leave to amend its Responses to Defendant's First Requests for Admission to Plaintiff.

---

[3] It is axiomatic that at this early juncture of the proceedings, no prejudice will befall Defendant. Time shows that Defendant could not have "relied heavily" on Plaintiff's initial admissions. *Hadley,* 45 F.3d at 1348-49.  Moreover, discovery remains open until well into next year.  As such, it would suffer no prejudice from a grant of Plaintiff's Motion.  Instead, at this early stage of the case, granting the Motion can only serve to assist Plaintiff, Defendant, and the Court by providing access to full and accurate factual information.

PLAINTIFF'S MOTION FOR LEAVE TO AMEND  
AND WITHDRAW ADMISSIONS -- 5

HELEIN & MARASHLIAN, LLC  
1420 Spring Hill Road, Suite 205  
McLean, Virginia 22102  
telephone (703)714-1300  
facsimile (703) 714-1330

No. C09 1356 RSM

RESPECTFULLY SUBMITTED this 6th day of January, 2011

                                                HELEIN & MARASHLIAN, LLC

                                                s/ Charles H. Helein
                                                Charles H. Helein (Admitted *Pro Hac Vice*)
                                                     Email: chh@commlawgroup.com
                                                Jacqueline Hankins, (Admitted *Pro Hac Vice*)
                                                     Email: jrh@commlawgroup.com
                                                HELEIN & MARASHLIAN, LLC
                                                1420 Spring Hill Road, Suite 204
                                                McLean, VA 22102

                                                Lawrence D. Graham, WSBA No. 25,402
                                                     Email: graham@blacklaw.com
                                                Douglas A. Grady, WSBA No. 36,100
                                                     Email: grady@blacklaw.com
                                                David A. Lowe, WSBA No. 25,453
                                                     Email: lowe@blacklaw.com
                                                701 Fifth Avenue, Suite 4800
                                                Seattle, WA 98104
                                                T: 206.381.3300
                                                F: 206.381.3301


                                                Attorneys for Plaintiffs

PLAINTIFF'S MOTION FOR LEAVE TO AMEND                 HELEIN & MARASHLIAN, LLC
AND WITHDRAW ADMISSIONS -- 6                                 1420 Spring Hill Road, Suite 205
                                                                              McLean, Virginia 22102
                                                                              telephone (703)714-1300
                                                                              facsimile (703) 714-1330

No. C09 1356 RSM

## CERTIFICATE OF SERVICE

I certify that on January 6, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Kit Roth
>FENWICK & WEST LLP
>1191 Second Avenue, 10th floor
>Seattle, WA 98101
>T: 206.389.4522
>F: 206.389.4511
>kroth@fenwick.com

                                           s/ Charles H. Helein

PLAINTIFF'S MOTION FOR LEAVE TO AMEND
AND WITHDRAW ADMISSIONS -- 7

HELEIN & MARASHLIAN, LLC
1420 Spring Hill Road, Suite 205
McLean, Virginia 22102
telephone (703)714-1300
facsimile (703) 714-1330

No. C09 1356 RSM